UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET E. LORIS and
KELLI HIBBARD

v.                       CIV. NO. 3:04CV1036 (JCH)

DR. LYNN MOORE,
DR. SALVATORE J. CORDA, and
the NORWALK BOARD OF
EDUCATION

## RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION [Doc. #82] and PLAINTIFFS' MOTION FOR COSTS AND FEES [Doc. #85]

Defendants seek reconsideration of this Court's February 2, 2007 ruling [Doc. #82], granting plaintiffs' Motion for Sanctions [Doc. #45] and denying defendants' Cross Motion for Sanctions [Doc. #69] on three grounds. Defendants' Motion for Reconsideration **[Doc. #82]** is **GRANTED**. Upon reconsideration, the Court **VACATES** its prior ruling granting plaintiffs' Motion for Sanctions **[Doc. #45]** and clarifies its February 2, 2007, ruling as follows. The Court affirms its denial of defendants' Cross Motion for Sanctions [Doc. #69]. For the reasons that follow, plaintiff's June 12, 2006, Motion for Sanctions **[Doc. #45]** is **DENIED,** and plaintiffs' Motion for Costs and Fees **[Doc. #85]** is **GRANTED** in part and **DENIED** in part.

1. Requests to Admit

Defendants contend that the Court had no basis for granting plaintiff's Motion to Compel answers to requests to admit.

1

Defendants first argue the requests to admit were served on May 23, 2006, eight (8) days before the close of discovery. Pursuant to Fed. R. Civ. P. 36(a), defendants had thirty (30) days in which to file answers, or until June 22, 2006. Moreover, defendants filed their Motion for Protective Order on June 23, 2006, objecting to the 710 requests to admit on several grounds. Plaintiff never filed a written opposition to the Motion for Protective Order. [Doc. #46]. Defendants correctly point out that plaintiffs' motion to compel answers to the requests to admit was therefore premature. On November 7, 2006, the parties reached an agreement on the requests to admit. Defendants agreed to answer the requests by November 20, 2006. Defendants filed their answers on December 1, 2006. [Doc. #59].

    2. <u>Depositions</u>

Defendants argue that plaintiffs' Motion to Compel the scheduling of depositions was also filed prematurely. The Court agrees. On June 7, 2006, Judge Eginton granted defendants' motion for extension of time to conduct depositions until June 21, 2006. [Doc. #44]. On June 12, 2006, before the expiration of the deadline, plaintiffs filed their motion to compel depositions. The June 21, 2006, the deadline passed without the parties agreeing to deposition dates. Each party blames the other for their failure to communicate and schedule the depositions. Instead, motions were filed and the parties waited for the Court to resolve the dispute. The November 7, 2006 Agreement contains the parties' agreement on dates and times to depose Dr. Lynne

Moore, Bruce Morris, Fay Ruotolo, and plaintiffs Kelli Hibbard and Peggie Loris.  The Agreement states, "Defendants will waive the opportunity to take the plaintiff's depositions and to receive the documents requested in those notices, if all documents are not delivered by Nov. 20, 2006 or the depositions noticed by plaintiffs are canceled or delayed beyond November 29, 2006 by defendants." [Doc. #59 ¶9]. Defendants did fail to provide all of the documents by November 20 as promised in the Agreement.  Plaintiff's February 2007 decision to forego depositions is not determinative of the issues raised by the motion.

    3.    <u>Failure to Prosecute</u>

Defendants further argue that the Motion to Compel should be denied because plaintiffs did "almost nothing" from September 22, 2005 until September 14, 2006 to move discovery." [Doc. #82 at 10].  Defendants represent that in September 2005, they informed plaintiffs that "defendants would make available for their review <u>a number of</u> the documents requested" pursuant to Fed. R. Civ. P. 34. [Doc. #82 at 10, emphasis added]. However, plaintiffs were entitled to a response to each of their requests for production. A general invitation to inspect pursuant to Fed. R. Civ. P. 34 would not provide plaintiffs with the assurance that their requests had been complied with and that the disclosure was complete.  <u>See</u> Fed. R. Civ. P. 26(g).  Nor is defendants' obligation to answer requests for production satisfied because "plaintiffs had obtained <u>most</u> of the documents there were seeking

3

. . . by way of Freedom of Information requests." [Doc. #82 at 10, emphasis added].

Authority to Impose Sanctions

Plaintiffs filed their Motion to Compel and for Sanctions [Doc. #45] on June 12, 2006. Defendants filed their Motion for Protective Order [Doc. #46] on June 23, 2006. On July 26, 2006, the motion to compel and the motion for protective order were referred to me by Judge Eginton. [Doc. #52].

The power to impose sanctions on attorneys is either rooted in the courts' "inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal," Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir. 1985), or provided by statutes and rules designated to implement the power. See e.g., Fed. R. Civ. P. 11 sanctions in connection with papers presented to the court); Fed. R. Civ. P. 37 (sanctions in connection with discovery); 28 U.S.C. §1927 (attorneys' liability for "Rule expenses of vexatious litigation).

The predicate for imposition of sanctions pursuant to Rule 37(b) is failure to obey a lawful order from this court. "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for non compliance with that order." Daval Steel Products, a Div. of Francosteel Corp. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991).

4

Conduct Giving Rise to Sanctions

On August 9, 2006, plaintiffs' counsel sent a letter to the Court and defendants' counsel, suggesting that "it would be more efficient to schedule a discovery conference on this matter to resolve these issues." Maurer Let. 8/8/06. The Court scheduled a discovery conference for September 14, 2006, in an effort to mediate all pending discovery and other disputes and to put the case back on track. [Doc. #53]. Defendants sent an associate to the conference who was unfamiliar with the case and who was unprepared to discuss the pending motions or any other issues.[1] [Doc. #54]. The Court adjourned the conference as it was clear that there could be no fruitful discussion.

As of September 14, 2006, defendants had not answered any of the 710 requests to admit, document production was not complete, the parties had not scheduled depositions and the case was at a standstill. See November 7, 2006, Agreement. [Doc. #59].

On September 18, 2006, plaintiffs' counsel received a telephone call from defendants' counsel, Michael McKeon; her time records state, "TC McKeon apologetic very disturbed by associate behavior, willing to make it up." [Doc. #85, Ex. D]. On October 27, 2006, the Court scheduled oral argument on the pending motions for November 7, 2006. [Doc. #56]. On November 6, 2006, the parties agreed that defendants would produce documents in lieu of inspection. On November 7, 2006, plaintiffs' counsel

---

[1] The attorney filed her appearance on the date of the discovery conference. [Doc. #55].

appeared at the hearing and read the parties' agreement, resolving the pending discovery motions and providing for a privilege log, final production of all outstanding documents, and responses to the request to admit by November 20, 2006. [Doc. #57, 59, 61].

As defendants are well aware, counsel's failure to comply with those agreed-to deadlines[2] in the agreement spawned another round of motions and renewed requests to sanction defendants [doc. ##63, 65, 69, 70, 71, 74, 75, 76, 77]. A hearing was held on November 30, 2006, to address defendants' failure to comply with the November 7, 2006 Agreement. [Doc. #66]. The Court issued the ruling on which the defendants now seek reconsideration on February 2, 2007. [Doc. #78]. The Court declines to address this for a second time.

February 2007 Ruling: Clarification

The February 2, 2007, ruling denied plaintiffs' Motion to Compel [Doc. #45], based on defense counsel's representation on November 30 that he had substantially complied with the parties' agreement, which the Court "so ordered" on November 7. The Court adheres to this Ruling.

The February 2007 ruling reinstated plaintiffs' Motion for Sanctions [Doc. #45) and granted that Motion for Sanctions but denied the plaintiffs' request for costs and fees in the amount

---

[2]Defendants represent that they produced 12,000 pages of documents within two weeks of the November 7, 2007, deadline and the remaining documents on November 30, 2006 and answered the requests to admit on December 1, 2006. [Doc. #82 at 11].

of $40,653.40. The Court found that "plaintiffs are entitled to <u>reasonable</u> costs and fees incurred in filing the Motion to Compel and Motion for Sanctions, and the time expended to enforce the motions." Plaintiffs' counsel was directed to file a Motion for Costs and Fees with supporting time records for the Court's consideration.

This prior ruling on the Motion for Sanctions [Doc. #45] is **VACATED** for the reasons stated above; this motion was based on Motions to Compel, which were prematurely filed, and that Motion for Sanctions is therefore **DENIED**.

The February 2007 ruling denied defendants' Cross Motion for Sanctions [Doc. #69]. The Court adheres to this Ruling.

Counsel share the blame for the delay in completing discovery and in resolving issues, and both sides have incurred costs for their failure to make a good faith effort to communicate with each other and the Court. The failure to communicate escalated the acrimony, the motion practice and the fees. The Court believes the February 2, 2007, ruling adequately addressed the impediments to productive communication between counsel.[3] The purpose of that ruling was to foster cooperation and enable counsel to move forward on the underlying case. The Court consciously denied all motions in which counsel attempted to

---

[3] The February 2007 ruling contained observations and recommendations for lawyers who find themselves dealing with personal circumstances which affect their ability to meet their professional obligations in a timely way. The Court reaffirms that portion of the opinion.

shift blame for the discovery morass into which this case descended. Ultimately, and importantly, counsel were able to agree to a resolution of the pending discovery motions and to the completion of discovery.

Imposition of Sanction

However, plaintiffs are entitled to recover their reasonable costs and fees for preparing for and attending the September 14, 2006 conference and for obtaining and enforcing the November 7 Agreement on discovery, which they seek in document #85, Motion for Costs and Fees.

Despite the filing of Motions to Compel and for Sanctions and the expiration of the extension of time granted defendants by Judge Eginton, plaintiffs found themselves in early August 2006 with incomplete documents, no depositions, and no responses to the 714 requests to admit. Plaintiffs' counsel appropriately sought a discovery conference, which was scheduled for September 14. The September 14 conference was adjourned when defendants sent a lawyer unfamiliar with the issues or the pending disputes.

Plaintiffs are entitled to recover the reasonable fees expended for their lawyer to prepare for and attend this useless conference.

In the aftermath of the September 14 conference, counsel for the parties reached agreement on a stipulated order in advance of the scheduled November 7, 2006 hearing on the pending Motions to Compel. Plaintiffs are entitled to recover the reasonable fees expended for their lawyer to appear for the November 7 hearing.

Notwithstanding the November 7 agreement, for reasons discussed at the November 30 hearing and which need not be rehearsed here, defendants did not meet their obligations under the November 7 agreement on time. It is not surprising, given the history of the litigation, that plaintiffs' counsel responded promptly with renewed motions to compel compliance and impose sanctions. By the date of the next hearing on November 30, defense counsel was able to report substantial, but not complete, compliance.

Plaintiffs are entitled to recover the reasonable fees expended for their lawyer to prepare for and attend the November 30 hearing.[4]

Accordingly, plaintiffs' Motion for Fees and Costs **[Doc. #85]** is **GRANTED** for the time to prepare for and attend the September 14, 2006 conference, the November 7, 2006 hearing and the November 30, 2006 hearing seeking enforcement of the November 7, 2006 Agreement.

The Court of Appeals recently abandoned the use of the term "lodestar" in calculating a reasonable attorney's fee, stating, "[w]e think the better course-and the one most consistent with attorney's fees jurisprudence-is for the district court, in exercising its considerable discretion, to bear in mind all of

---

[4] The Court is troubled by the suggestion in defendants' Motion for Reconsideration that it was improper for plaintiffs' counsel to contact chambers and request a hearing. As plaintiffs' counsel never spoke to the Judge and simply reported the alleged failure to comply with the November 7 order, there was nothing improper about this.

the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay." <u>Arbor Hill Concerned Citizens Neighborhood Associate v. County of Albany</u>, No. 06-0086-CV, 2007 WL 1189487, *7 (2d Cir. Apr. 24, 2007).

> In determining what rate a client would be willing to pay, the district court should consider, among others, the <u>Johnson</u> factors;[5] it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

<u>Id.</u> (citing <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F2d 714 (5th Cir. 1974).

Plaintiffs seek an award of 8.92 hours for Attorney Maurer's time at a rate of $275 per hour totaling $2,452.75 and 2.75 hours for Attorney Hunsberger's time at a rate of $200 per hour

---

[5]The twelve <u>Johnson</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Johnson</u>, 488 F.2d at 717-19.

totaling $550, for a total attorneys' fees award of $3,002.75, to prepare for and attend the September 14, 2006 conference.[6] [Doc. #85 Maurer Aff. ¶¶7, 15 Ex. D]. Plaintiff seeks payment for 2.17 hours for Attorney Maurer to travel to and from the court and attend the November 7, 2006 hearing at a rate of $275 per hour totaling $596.75. Plaintiff's counsel spent seven (7) hours on November 30, 2006, to "[f]inalize preparation, travel to and from court, wait, appear for hearing on motion to compel and for sanction, review motion for sanctions served at hearing" at a rate of $275 per hour totaling $1,925.  [Doc. #85 Maurer Aff. ¶25 Ex. F].

The Court finds that a rate of $275 is a reasonable hourly rate for Attorney Maurer, given her skill and nearly twenty (20) years experience as a practicing attorney.  Accordingly, the Court awards a total of **$5,524.50** in attorney's fees for Attorney Maurer's time spent to prepare for and attend the September 14, 2006 conference and the November 30, 2006 hearing.

The Court disallows the 2.75 hours for Attorney Hunsberger's time. Plaintiffs failed to provide any information regarding Attorney Hunsberger's, customary hourly rate, skill or years of experience for the Court to determine a reasonable attorney's

---

[6]Plaintiffs' counsels' time records reflect that Attorney Maurer spent 5.5 hours on September 12 to review discovery and prepare a letter for the Court; Attorney Hunsberger spent 2.75 hours on September 13 to review documents for the discovery conference. On September 14, Attorney Maurer spent 2.75 hours to travel to and from the court and to attend the conference and .67 hour to speak to Attorney McKeon on September 18, 2006. [Doc. #85 Maurer Aff. ¶15, Ex. D].

11

fee.

While costs for photocopies are allowed pursuant to D. Conn. L. Civ. R. 54(c)(3)(I), plaintiff has not shown that this cost, set forth on the September 30, 2006 invoice, is attributable to the September 14, 2006 conference. All computer legal research fees are disallowed pursuant to D. Conn. L. Civ. R. 54(c)(7)(xi) and all telephone calls by counsel, general postage expenses of counsel, Federal Express or other express mail service costs are disallowed pursuant to D. Conn. L. Civ. R. 54(c)(7)(xvi).

Plaintiffs' Motion for Fees and Costs **[Doc. #85]** is **GRANTED** in the amount of **$5,524.50** and **DENIED** in all other respects. Plaintiff's request for a total award of $34,614.35 in attorneys' fees and costs is unreasonable.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 5th day of July 2007.

```
    __/s/_____
    HOLLY B. FITZSIMMONS
    UNITED STATES MAGISTRATE JUDGE
```