## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET LORIS and KELLI HIBBARD, <br>     Plaintiffs, <br><br> v. <br><br> DR. LYNNE MOORE, individually and in her official capacity, <br> DR. SALVATORE CORDA, individually and in his official capacity, and <br> NORWALK BOARD OF EDUCATION, <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 3-04-cv-1036 (WWE) |

## ORDER

In their multi-count complaint, plaintiffs Margaret Loris and Kelli Hibbard assert that they have suffered retaliation for exercising their First Amendment right to free speech and discrimination by defendants Dr. Lynne Moore, Principal of West Rocks Middle School, Dr. Salvatore Corda, Superintendent of the Norwalk Public Schools, and the Board of Education for the City of Norwalk ("Board"). The complaint alleges the following nineteen counts: retaliation based on plaintiffs' exercise of free speech in violation of 42 U.S.C. Section 1983 against defendant Moore in her official and individual capacities (counts one and two); discrimination in violation of Section 1983 against Moore in her official and individual capacities (counts three and four); retaliation based on plaintiffs' exercise of free speech in violation of Section 1983 against defendant Corda in his official and individual capacities (counts five and six); discrimination in violation of Section 1983 by Corda in his official and individual capacities (counts seven and eight), retaliation based on plaintiffs' exercise of free speech against the Board (count nine); discrimination in violation of Section 1983, Title

VII and the Connecticut Fair Employment Practices Act ("CFEPA") against the Board (counts ten, eleven and thirteen); retaliation in violation of Title VII and CFEPA against the Board (counts twelve and fourteen); negligent hiring of defendant Moore against the Board (count fifteen); violation of Connecticut General Statutes sections 31-51q and 31-51m against all defendants (counts seventeen and eighteen); and violation of plaintiffs' due process rights pursuant to Section 1983 (count nineteen).

Defendants move for summary judgment on the complaint in its entirety.

The Court has reviewed defendants' motion for summary judgment on all counts. At present, the briefs on summary judgment do not present a complete consideration of the issues raised by plaintiffs' allegations.

As to the First Amendment retaliation, defendants have not addressed plaintiffs' claims pursuant to Garcetti v. Ceballos, 126 S.Ct. 1951 (2006).

As to the claims of intentional discrimination and retaliation for filing grievances and complaints, defendants' analysis is limited to Loris' and Hibbard's involuntary transfers. However, the Court finds that the adverse employment acts alleged by Loris include intrusive monitoring, negative performance evaluations, negative letters placed in her personnel file, failure to be selected for the Subject Area Leader, loss of her team leadership position and involuntary transfer. Those acts alleged by Hibbard include negative evaluations, involuntary transfer and failure to be considered or interviewed for the available sixth grade positions.

In the context of intentional discrimination, an adverse employment action is a "materially adverse change in the terms and conditions of employment that is more disruptive than a mere inconvenience or alteration of job responsibilities." DeMoret v.

2

Zegarelli, 451 F.3d140, 151 (2d Cir. 2006).  By contrast, retaliatory adverse employment action is defined as employer actions that are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."  Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405, 2409 (2006).

Defendants should file a supplemental brief that addresses 1) Garcetti v. Ceballos; 2) whether plaintiffs' alleged adverse employment actions fall within the relevant decisional law's definition of adverse employment action; and 3) whether the defendants have a legitimate non-discriminatory reason for taking such action.  Plaintiffs may then file a responsive brief.

The motion for summary judgment will be denied without prejudice until defendants file the supplemental brief.

## CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.  Defendants are instructed to file their supplemental brief within 30 days of this order.   Plaintiffs will then have 14 days in which to file an opposition brief.  Defendants may file a reply, if necessary, within 10 days of the opposition brief.

　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　Warren W. Eginton
　　　　　　　　　　　　　　Senior U.S. District Judge

Dated at Bridgeport, Connecticut this _17th_ day of August, 2007.